# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| SHELLY REAVES and PRECISION STRATEGIC SOLUTIONS, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Case No. 3:22-cv-00158** |
| | ) | **Judge Aleta A. Trauger** |
| CWS POWDER COATINGS COMPANY, L.P., | ) ) | |
| Defendant. | ) ) | |

<u>**MEMORANDUM & ORDER**</u>

Before the court is the Motion to Reconsider Pursuant to Federal Rule of Civil Procedure 54(b) (Doc. No. 57) filed by defendant CWS Powder Coatings Company, L.P. ("CWS"), seeking reconsideration of that portion of this court's Order (Doc. No. 54) denying in part the defendant's Motion for Summary Judgment (Doc. No. 43). For the reasons set forth herein, the motion will be denied.

## I.      BACKGROUND

The defendant takes issue with the denial of summary judgment as to the plaintiff's unjust enrichment and promissory estoppel claims related to her efforts to procure Carrier Corporation ("Carrier") as a customer for CWS. Specifically with respect to these claims, the court found as follows:

> With respect to the Carrier account, however, no enforceable contract existed, and the defendant has not addressed the plaintiff's claims for equitable relief in connection with the alleged promises that the plaintiff would be granted that account. Having not addressed the claims at all, it has not established that it is entitled to summary judgment on the plaintiff's alternative claims for equitable relief.

(Doc. No. 53, at 27–28.)

The defendant now seeks reconsideration of that ruling and the accompanying Order, denying summary judgment as to the plaintiff's promissory estoppel and unjust enrichment claims arising in connection with her efforts to procure the Carrier account. CWS does not dispute—nor could it—the fact that it did not actually address the equitable claims in relation to the Carrier account in its summary judgment filings. It did not address the equitable claims *at all* in its Memorandum in Support of its Motion for Summary Judgment, other than to acknowledge their existence and then to assert, in the final sentence of the Memorandum, that it requested summary judgment on those claims, as well as on the plaintiff's breach of contract claims. (*See* Doc. No. 44, at 16.) The plaintiff's Response asserted that the defendant had "forfeited its right to ask for a pretrial dispositive ruling on the issues of promissory estoppel and unjust enrichment" by not addressing them. (Doc. No. 48, at 6.) The plaintiff nonetheless discussed the claims at some length. (*Id.* at 10–15.) In its Reply, the defendant addressed the equitable claims in connection with CWS's account with Premier, a different customer, but not with respect to the Carrier account. The court granted summary judgment on the claims in connection with the Premier account, where it was clear that an actual oral contract existed, as a result of which the equitable claims failed as a matter of law.

In support of its Motion to Reconsider, the defendant now addresses at length the equitable claims arising in connection with the Carrier account and argues that the court can resolve them "based on its prior order and the findings contained therein." (Doc. No. 58, at 3.)

## II.    LEGAL STANDARD

District courts have authority under common law and Federal Rule of Civil Procedure 54(b) "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). The

standard for reconsideration under Rule 54(b) is similar to that applied to motions to alter or amend judgment under Rule 59(e). That is, courts traditionally find "justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959). A motion to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Camillo v. Campbell Clinic, P.C.*, No. 2:19-cv-02876-SHM-atc, 2021 WL 1233516, at *2 (W.D. Tenn. Apr. 1, 2021) (internal quotation marks and citations omitted).

## III.     ANALYSIS

The defendant's Rule 54(b) motion effectively constitutes a second motion for summary judgment that raises arguments that could have been—but were not—preserved in the defendant's initial Memorandum or Reply in support of its Motion for Summary Judgment. There has been no intervening change in the law, and the defendant does not point to new evidence. The defendant does not argue that the court committed a clear error of law, and the mere denial of summary judgment does not result in manifest injustice to any party, as the claims at issue simply remain pending. Moreover, no "manifest injustice" arises from "declining to give [the defendant] a second bite at the apple." *Stratesphere LLC v. Kognetics Inc.*, No. 2:20-CV-2972, 2023 WL 3852723, at *2 (S.D. Ohio May 5, 2023) (citing *McGrew v. Zaring Homes, Inc.*, 78 F.3d 584 (Table), 1996 WL 94960, at *2 (6th Cir. 1996)). The defendant's failure to address particular claims, in short, does not constitute a valid basis for reconsideration of the court's prior ruling.

**IV.** **CONCLUSION AND ORDER**

For the reasons set forth herein, the defendant's Motion to Reconsider (Doc. No. 57) is

**DENIED**.

It is so **ORDERED**.

_____

ALETA A. TRAUGER
United States District Judge